IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN JOHN GONZALES,

    Plaintiff,

    v.                                            No. CIV 14-0245 JH/KK

STATE OF NEW MEXICO SANTA FE
NEW MEXICO CORRECTIONS DEPARTMENT,
JOHN SANCHEZ WARDEN
SPRINGER CORRECTIONAL FACILITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed with leave to amend.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The caption of the complaint appears to name as Defendants the State of New Mexico, its Corrections Department, and the warden of the Springer Correctional Facility.  In text, the complaint names six individual Defendants.  "[C]ourts may look to the body of the complaint to determine who the intended and proper defendants are."  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. Jan. 5, 2007).  Plaintiff alleges that on three occasions "staff" at the facility tampered with his "legal mail."  Nowhere in the complaint does Plaintiff identify a Defendant who committed the alleged tampering.

No relief is available on Plaintiff's claims against named Defendants Springer Correctional Facility, Warden Sanchez, and Deputy Warden Brown.  First, in an action under § 1983, "a detention facility is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  And second, the complaint makes no allegations that the warden or deputy warden was involved in the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  The Court will dismiss Plaintiff's claims against Defendants Springer Correctional Facility, Warden Sanchez, and Deputy Warden Brown.

Nor is relief available against the remaining Defendants named in the complaint's current form.  As noted above, Plaintiff alleges only that "staff" at the facility tampered with mail. "[T]o

present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d at 1249-50. The Court declines to speculate about which of the named individuals Plaintiff intends to sue.  *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n. 3 (10th Cir. 1991) ("Although *pro se* pleadings should be liberally construed, it is not 'the proper function of the district court to assume the role of advocate for the *pro se* litigant.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)).  Under this standard, Plaintiff's allegations do not state claims for relief against named Defendants.  Plaintiff will be required to file an amended complaint with adequate factual allegations identifying the individual Defendants who committed the alleged tampering.  Failure to comply with this Order may result in dismissal of the action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Springer Correctional Facility, Warden Sanchez, and Deputy Warden Brown are DISMISSED with prejudice; and Defendants Springer Correctional Facility, Warden Sanchez, and Deputy Warden Brown are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's complaint against the remaining Defendants is DISMISSED with leave to amend; within twenty-one (21) days from entry of this Order Plaintiff may file an amended complaint containing adequate factual allegations identifying the individuals who committed the alleged tampering; and the Clerk is directed to send a form § 1983 complaint to Plaintiff.

_____
UNITED STATES DISTRICT JUDGE